per had resided more than one year in the town of Panton, had been warned within the year, but the warning, &c. was not *recorded* within the year.

Decided—That the warning must be recorded before the end of the year of the pauper's residence. At the end of the year the pauper has either gained a settlement or not ; after the expiration of the year nothing can be done to alter the relative situation of the town with other towns, and it is important that other towns should be enabled *then* to ascertain the facts by the records.

## No. 8.

### MIDDLEBURY *against* HUBBARDTON. *Addison*, 1817.

WARNING under the Statute, to the father and parents, is not sufficient to protect the town against the maintenance of a poor child who has resided in the town more than one year after arriving of full age, and not himself warned.

## No. 9.

### PITTSFORD *against* BRANDON. *Rutland*, 1819.

THE question in this case was, whether the time, when the warning was, by the officer serving the same, returned to the Town Clerk, could be proved by parol.

By the Court. As the evidence of this fact is not required to be a matter of record, it may be proved by parol.

## No. 10.

### BRANDON *against* PITTSFORD. *Rutland*, 1819.

THE officer's return on the warning must state the particular situation in which the copy was left—after the expiration of the year the officer serving the warning cannot amend his return.

ORDER for the removal of Joshua Leclave, May 30, 1817.

On the trial of this cause at September term, 1818, the over-

seers of the poor of Pittsford offered in evidence a warning dated the eleventh day of March, 1816, which was served on the 13th day of the same March, and within one year after the said Leclave moved into the said town of Pittsford ; the return stated the service to be "by leaving a true and attested copy at the last place of abode," without specifying the particular situation in which the copy was left.

. To the admission of this evidence the overseers of the poor of the town of Brandon objected, and the evidence was excluded by the Judge.

Thereupon, the overseers of the poor of the town of Pittsford moved, that Jonathan Dike, Jr. the constable who served the said warning, might be permitted to amend his return so made as aforesaid, but the Court over-ruled the said motion and refused to permit the said Dike to amend his return.

Verdict for the town of Brandon.

Motion for new trial by the counsel for the town of Pittsford, founded on exceptions to the decisions of the Judge.

In support of the motion, *Newell* and *Williams* contended :

1. That the omission in the return was not fatal.

2. That the service having been made in *fact* conformable to the Statute, the officer ought to have been permitted to amend the return, if it was defective.   11  Mass.  477.

*Contra.   Langdon*  . 1. That the defect in the return was fatal.

2. That by the Statute the warning and service thereof, must be recorded, which constitutes the evidence of a vested right, and cannot be amended after record thereof.  1 Bac. Ab. 167–8.

The Court decided, that after the expiration of one year of the pauper's residence, the officer could not be permitted to amend his return, and confirmed the decision of the Judge.

The motion for new trial was dismissed.